**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Rachel Robinson, | Case No. 2:23-cv-00484-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| Technica LLC, | |
| Defendant. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge, (Dkt. No. 15), recommending that Defendant's partial motion to dismiss, (Dkt. No. 4), be granted. Plaintiff did not file objections to the R & R. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

I.    **Background**

In her Complaint, Plaintiff alleges claims of retaliation in violation of Section 1981 and wrongful termination in violation of public policy. (Dkt. No. 1-1 at 11-12). Plaintiff's claims are based on allegations that she was wrongfully terminated for internally complaining about Defendant's alleged racially discriminatory hiring practices. (*Id.* at 10).

Defendant filed a partial motion to dismiss Plaintiff's wrongful termination in violation of public policy claim under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 4). Pursuant to provisions of 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued and R & R recommending Defendant's motion to dismiss be granted and Plaintiff's wrongful termination claim be dismissed. (Dkt. No. 15). The Magistrate Judge also recommends Plaintiff to be ordered to file an Amended Complaint addressing the deficiencies outlined in the R & R within ten days

of the Court's final disposition of Defendant's partial motion to dismiss. Plaintiff did not file objections to the R & R. The matter is now ripe for the Court's review.

## II.    Standard

### A.  Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B.  Motion to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Our inquiry then is limited to whether the allegations constitute 'a short and

plain statement of the claim showing that the pleader is entitled to relief." *Id.* In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

III.    **Discussion**

After a thorough review of the R & R, the Court agrees with the Magistrate Judge that Plaintiff's cause of action for wrongful termination in violation of public policy should be dismissed. The Magistrate Judge correctly found that a wrongful termination in violation of public policy claim is not available to Plaintiff because Plaintiff has an existing statutory remedy for her alleged wrongful termination. In fact, Plaintiff pled a cause of action under Section 1981 based on the same facts as her wrongful termination in violation of public policy claim. Additionally, the Magistrate Judge correctly found that Plaintiff did not sufficiently allege that her discharge fits within the public policy exception because the exception does not extend to claims of employees who only internally report the alleged illegal conduct of their coworkers. Based on these findings,

the Court is satisfied that there is no clear error on the face of the R & R and adopts the R & R as the Order of the Court.

**IV.    Conclusion**

    For the foregoing reasons, the Court **ADOPTS** the R & R, (Dkt. No. 15), as the Order of the Court. The Court **GRANTS** Defendant's partial motion to dismiss. Plaintiff's wrongful termination in violation of public policy claim is **DISMISSED**.

    The Court **GRANTS** Plaintiff leave to amend her complaint to cure any deficiencies within 10 days of this order. If Plaintiff files an amended complaint, Defendant will have a right respond to the new complaint by either filing an answer or a renewed 12(b) motion.

     s/ Richard Mark Gergel
    Richard Mark Gergel
    United States District Judge

May 18, 2023
Charleston, South Carolina